# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| **ANTHONY GLOSS,**<br>610 Moore St.<br>Middletown, OH 45044<br><br>and<br><br>**JOSEPH CRASE**<br>439 Morrow Rd, Lot 136<br>South Lebanon, OH 45065<br><br>and<br><br>**TRAVIS MORGAN**<br>10521 Lois Lane<br>Hillsboro, OH 45133<br><br>and<br><br>**KYLE SANNER**<br>1125 E. Pearl St.<br>Miamisburg, OH 45342<br><br>**Plaintiffs, for themselves and all others similarly situated,**<br><br>vs.<br><br>**STAY DRY WATERPROOFING, LLC**<br>c/o Registered Agent Mark Minton<br>401 Chestnut St.<br>Marysville, OH 43040<br><br>**Defendant.** | Case No. 2:21-cv-4747<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**<u>Jury Demand Endorsed Hereon</u>** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

NOW COMES Plaintiffs Anthony Gloss, Joseph Crase, Travis Morgan, and Kyle Sanner ("Plaintiffs"), on behalf of themselves and all others similarly situated, and proffers this Complaint for damages against Defendant Stay Dry Waterproofing, LLC ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111 ("Chapter 4111").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiffs' claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiffs' claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant maintains its headquarters in, is doing and has done substantial business in the Eastern Division of the Southern District of Ohio and Plaintiffs performed job duties primarily in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Anthony Gloss is an individual, a United States citizen, and a resident of Butler County, Ohio.

6. Plaintiff Joseph Crase is an individual, a United States citizen, and a resident of Warren County, Ohio.

7. Plaintiff Travis Morgan is an individual, a United States citizen, and a resident of Highland County, Ohio.

8. Plaintiff Kyle Sanner is an individual, a United States citizen, and a resident of Montgomery County, Ohio.

9. Defendant Stay Dry Waterproofing, LLC is an Ohio limited liability company registered to do business in Ohio and conducts business in the Eastern Division of the Southern District of Ohio.

10. At all times relevant herein, Plaintiffs were employees of Defendant as defined by the FLSA and R.C. Chapter 4111.

11. At all times relevant herein, Defendant is and has been an "employer" as that term is defined by the FLSA and R.C. Chapter 4111.

12. At all times relevant herein, Defendant has been engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendant has an annual dollar volume of sales or business of at least $500,000.00.

13. Upon information and belief, Defendant was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

14. Plaintiffs brings this action on their own behalf and on behalf of those similarly situated, and Plaintiffs have given written consent to bring this action to collect unpaid compensation under the FLSA. Plaintiffs' consent forms are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

## FACTUAL BACKGROUND

**Defendant's Pay Policies & Practices**

15. Defendant provides basement waterproofing, foundation repair, mold testing and removal, crawl space encapsulation, yard drainage, biohazard clean up, water and fire damage restoration, and basement finishing services.

16. Defendant operates out of five offices located in Columbus, Ohio, Marysville, Ohio, Lancaster, Ohio, Middletown, Ohio, and Southgate, Kentucky. Defendant provides its services in central Ohio, the Cincinnati/Dayton area, and northern Kentucky. Defendant designates a work crew to provide its services in the above locations. Defendant's "Service Area" can be found on its website https://www.staydryohio.com/about-us/service-area.html (last accessed Sept. 17, 2021).

17. Upon information and belief, Defendant employs more than 40 Laborers at any given time. Laborers job duties include all manual labor necessary to provide Defendant's services, including, but not limited to, removing the floor, jackhammering concrete foundations, removing materials, installing drain tiles, making repairs, bringing in replacement material including concrete, mixing and pouring concrete.

18. Defendant pays its Laborers on a "day rate" basis.

19. Defendant does not pay its Laborers a "half-time" rate for their hours worked in excess of 40 in a workweek.

20. Defendant does not keep time records of the hours Laborers work.

21. Laborers work 5-6 days each week. Laborers regularly work more than 40 hours in a single workweek.

22. Defendant has refused and continues to refuse to pay its Laborers in accordance with the law.

**Plaintiff Gloss's Employment Experience with Defendant**

23. Plaintiff Gloss was employed by Defendant as a Laborer between approximately the beginning of March 2020 through September 2020.

24. Plaintiff Gloss worked on the Cincinnati/Middletown work crew.

25. At all times, Plaintiff Gloss was subject to the same pay policies and procedures as other Laborers, as described herein.

26. Plaintiff Gloss regularly worked over 40 hours in a single workweek.

27. Plaintiff Gloss was paid a "day rate" for each day of work, regardless of the number of hours worked.

28. Plaintiff Gloss was not paid a "half-time" rate for the hours he worked in excess of 40 in a workweek.

**Plaintiff Crase's Employment Experience with Defendant**

29. Plaintiff Crase was employed by Defendant as a Laborer between approximately June 2020 through December 2020.

30. Plaintiff Crase worked on the Cincinnati/Middletown work crew.

31. At all times, Plaintiff Crase was subject to the same pay policies and procedures as other Laborers, as described herein.

32. Plaintiff Crase regularly worked over 40 hours in a single workweek.

33. Plaintiff Crase was paid a "day rate" for each day of work, regardless of the number of hours worked.

34. Plaintiff Crase was not paid a "half-time" rate for the hours he worked in excess of 40 in a workweek.

**Plaintiff Sanner's Employment Experience with Defendant**

35. Plaintiff Sanner was employed by Defendant as a Laborer between approximately August 2020 through February 2021.

36. Plaintiff Sanner worked on the Cincinnati/Middletown work crew.

37. At all times, Plaintiff Sanner was subject to the same pay policies and procedures as other Laborers, as described herein.

38. Plaintiff Sanner regularly worked over 40 hours in a single workweek.

39. Plaintiff Sanner was paid a "day rate" for each day of work, regardless of the number of hours worked.

40. Plaintiff Sanner was not paid a "half-time" rate for the hours he worked in excess of 40 in a workweek.

**Plaintiff Morgan's Employment Experience with Defendant**

41. Plaintiff Morgan was employed by Defendant as a Laborer at two different times; the first time he was employed, Plaintiff worked for Defendant between approximately April 2020 through July 2020. The second time he was employed, Plaintiff worked for Defendant between approximately August 2020 through December 2020.

42. Plaintiff Morgan worked on the Cincinnati/Middletown work crew.

43. At all times, Plaintiff Morgan was subject to the same pay policies and procedures as other Laborers, as described herein.

44. Plaintiff Morgan regularly worked over 40 hours in a single workweek.

45. Plaintiff Morgan was paid a "day rate" for each day of work, regardless of the number of hours worked.

46. Plaintiff Morgan was not paid a "half-time" rate for the hours he worked in excess of 40 in a workweek.

**COUNT I**
**FLSA Collective Action, 29 U.S.C. §201, *et seq*. -**
**Failure to Pay Overtime**

47. All of the preceding paragraphs are realleged as if fully rewritten herein.

48. Plaintiffs brings their FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> All current and former Laborers who, during the previous three (3) years, worked more than 40 hours in a work week and were not paid a half time rate for the hours worked above 40 in a workweek. (hereinafter referred to as "FLSA Class").

49. Plaintiffs and the FLSA Class Members were subject to the same payroll practices of failing to pay employees at half time rate at their respective regular rates of pay for all hours worked in excess of 40 during a workweek.

50. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiffs are representative of all SSPs and are acting on behalf of others' interests as well as their own in bringing this action.

51. These SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

52. In addition to Plaintiffs, numerous putative FLSA Class Members have been denied proper overtime compensation due to Defendant's company-wide practice of failing to pay employees at a half time rate at their respective regular rates of pay for all hours worked in excess of 40 during a workweek.

53. Plaintiffs and the SSPs were non-exempt employees.

54. Plaintiffs and the SSPs frequently worked more than 40 hours per week.

55. Plaintiffs and the SSPs were not paid the correct overtime premium for all hours worked in excess of 40 in each workweek.

56. Defendant was aware that Plaintiffs and the SSPs regularly worked more than 40 hours per workweek, but were not receiving the correct overtime premium for all hours worked in excess of 40 per workweek.

57. Defendant's violation of the FLSA was willful, as Defendant knew or demonstrated reckless disregard as to whether it was required to pay Plaintiffs and the SSPs at the correct overtime premium rate for all hours worked in a workweek in excess of 40.

58. Accordingly, Plaintiffs and the SSPs were forced to work more than 40 hours per week without proper overtime compensation. As a result, Plaintiffs and the SSPs have been damaged.

## COUNT II
### Class Action, Fed. R. Civ. P. 23; OMFWSA R.C. 4111, *et seq*. - Failure to Pay Overtime

59. All of the preceding paragraphs are realleged as if fully rewritten herein.

60. Plaintiffs brings this Ohio Minimum Fair Wage Standards Act ("OMFWSA") claim pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following "Class":

> All current and former Laborers who, for the time period including two (2) years prior to the date of filing this Complaint through the date Class Certification is granted, worked more than 40 hours in a work week and were not paid a half time rate for the hours worked above 40 in a workweek. (the "Rule 23 Class").

61. Plaintiffs and the other Rule 23 Class members were not paid an overtime premium for all hours worked in a workweek in excess of 40.

62. The Rule 23 Class, as defined above, is so numerous such that joinder of all members is impracticable. The Rule 23 Class consists of more than 50 current and former Delivery Drivers who have not been paid the correct overtime premium for all hours worked in a workweek in excess of 40.

63. Plaintiffs are members of the Rule 23 Class and their claim for unpaid overtime wages is typical of the claims of other members of the Class.

64. Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

65. Plaintiffs have no interest antagonistic to or in conflict with interests of the Class that they are undertaking to represent.

66. Plaintiffs have retained competent and experienced class action counsel whom can ably represent the interests of the Rule 23 Class.

67. Questions of law and fact are common to the class, including:

    a. Whether Defendant violated the OMFWSA by failing to compensate, at the correct overtime premium rate, Laborers for all hours worked in a workweek in excess of 40.

    b. Whether Defendant established its payroll policies/practices, knowing the policies/practices violated the law and failed to properly compensate Laborers for all hours worked in a workweek in excess of 40 at an overtime premium rate;

    c. Whether Plaintiffs and Rule 23 Class Members are entitled to time-and-half their regular rates of pay for hours worked in excess of 40 in a workweek;

    d. Whether Plaintiffs were properly paid a "day rate";

  e. Whether Defendant's violations were knowing and willful;

  f. What amount of unpaid overtime compensation is owed to Plaintiffs and the other members of the Rule 23 Class as a result of Defendant's violation of the OMFWSA; and

  g. What amount of prejudgment interest is due to the Rule 23 Class members on their unpaid overtime compensation, which was unlawfully withheld.

68. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its unpaid employees.

69. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Rule 23 Class as a whole.

70. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law or fact common to class members predominate over any questions affecting only individual members.

71. A class action is superior to individual actions for the fair and efficient adjudication of Plaintiffs' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Plaintiffs and their counsel are not aware of any pending litigation on behalf of any member of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. In addition, individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible

standards of conduct for Defendant with respect to its unpaid employees. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

72. For Defendant's violation of O.R.C. 4111, Plaintiffs are entitled to recover unpaid wages, an amount equal to the unpaid wages as liquidated damages, interest, attorneys' fees and costs, and all other remedies available under Ohio law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs are entitled to and pray for the following relief:

A. As to Count I, certification as a collective action to all SSPs and appointment of Plaintiffs and their counsel to represent the FLSA Class; enter an order directing Defendant to pay into a common fund for the benefit of Plaintiffs and all other members of the FLSA Class the total amount of damages to which Plaintiffs and the class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendant to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA in an amount greater than $75,000.

B. As to Count II, enter an order certifying that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 and designating the Plaintiffs as the Rule 23 Class Representatives, enter an order directing Defendant to pay into a common fund for the benefit of Plaintiffs and all other members of the Rule 23 Class the total amount of damages to which Plaintiffs and the Rule 23 Class are entitled,

including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs of the litigation and administration of the common fund, and attorneys' fees, injunctive relief for Defendant to cease violations of the Ohio Minimum Fair Wage Standards Act, and such other or additional relief deemed appropriate by the Court.

C. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com*)*
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
Rhiannon M. Herbert (0098737)
(Rhiannon@MansellLawLLC.com)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-796-4325
Fax: 614-547-3614
*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby request a jury of at least eight (8) persons

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)